UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER WOOD,<br>Plaintiff | : | Civil Action No. 3:02-cv-2058(JBA) |
| vs. | : | |
| FEDERAL BUREAU OF<br>INVESTIGATION and<br>DEPARTMENT OF JUSTICE,<br>Defendants | : | OCTOBER 10, 2003 |

NOTICE OF FILING OF THIRD DECLARATION OF ALEXANDER WOOD

The plaintiff in this Freedom of Information Act (FOIA) appeal notifies the Court that he is filing herewith the attached Third Declaration of Alexander Wood. The purpose of this declaration is to provide the Court with a copy of the so-called "Bright Line" policy, dated 1/3/94 and promulgated by Louis J. Freeh, then the Director of the Federal Bureau of Investigation (FBI), together with a covering letter the plaintiff received from the FBI official, which contains additional relevant information. The plaintiff received these documents as a result of an FOIA request separate from the one at issue in this appeal.

Executed on October 10, 2003.

Respectfully submitted,
THE PLAINTIFF

_____
Alexander Wood, Pro Se
Address:
Journal Inquirer, Newsroom
306 Progress Drive
P.O. Box 510
Manchester, CT 06045-0510

Telephone: (860) 646-0500, Ext. 345
Facsimile: (860) 646-9867
e-mail: manchwoods@yahoo.com

### CERTIFICATION OF SERVICE

This is to certify that I mailed a copy of the foregoing, first class, postage prepaid, this 10th day of October, 2003 to the office of:

PATRICK F. CARUSO
ASSISTANT UNITED STATES ATTORNEY
PO BOX 1824
CONNECTICUT FINANCIAL CENTER
157 CHURCH ST
NEW HAVEN, CT 06508

_____
Alexander Wood

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEXANDER WOOD,  :  Civil Action No. 3:02-cv-2058(JBA)
   Plaintiff  :
     :
vs.  :
     :
FEDERAL BUREAU OF  :
   INVESTIGATION and  :
DEPARTMENT OF JUSTICE,  :
   Defendants  :  OCTOBER 10, 2003

## THIRD DECLARATION OF ALEXANDER WOOD

I, Alexander Wood, do state and declare as follows:

1. In accordance with the provisions of 28 U.S.C. Section 1746, I, Alexander Wood, do hereby make the following declaration under penalty of perjury.

2. I am of sound mind, over age 18, and capable of making this declaration.

3. All statements herein are made of personal knowledge.

4. The purpose of this declaration is to provide the Court with additional information that I have received recently, which adds to the information in my first declaration in this Freedom of Information Act (FOIA) appeal. That first declaration is dated June 26, 2003 and attached at Tab A to the Plaintiff's (Local) Rule 56 (a) 1 Statement, also dated June 26, 2003.

5. In Paragraphs 38 and 39 of the June 26, 2003 declaration, I described two documents I had obtained from the World Wide Web sites of the Federal Bureau of Investigation (FBI) and U.S. Department of Justice dealing with the so-called "Bright Line" policy created in 1994 by Louis J. Freeh, then the Director of the FBI. I attached the relevant excerpts of those documents at Tabs 21 and 22 to that declaration.

1



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

September 29, 2003

MR ALEXANDER WOOD
POST OFFICE BOX 510
MANCHESTER, CT 06046 0510

Request No.: 0977855- 000
Subject: FREEH, LOUIS J
(DIRECTOR)/BRIGHT LINE POLICY

Dear Requester:

    This is in response to your Freedom of Information Act (FOIA) request.

    A review of our index to the central records system revealed the enclosed three page document responsive to your request regarding a copy of the directive entitled, "Standards of Conduct: Disciplinary Matters." No modifications or revocations have been made to the "Bright Line" policy since its original publication.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

| | | | |
|---|---|---|---|
| TRANSMIT VIA | AIRTEL | | |
| CLASSIFICATION | | DATE: | 1/3/94 |

PERSONAL ATTENTION

FROM: Director, FBI

TO:  All SACs
     All LEGATs
     RCA, Northeast Regional Computer Support Center (NERCSC)
     Western Regional Computer Support Center (WRCSC)
     El Paso Intelligence Center (EPIC)
     Butte Information Technology Center (BITC)
     Savannah Information Technology Center (SITC)
     Clarksburg Satellite Facility


STANDARDS OF CONDUCT
DISCIPLINARY MATTERS

      Since becoming Director in September, I have examined the various administrative and operational processes of the Bureau, always with an eye towards improvement. From the beginning I have focused my attention on our disciplinary process. I have determined that while the quality of the adjudication has been of a high order, lack of timeliness has sapped the process of credibility and, to an extent, fairness. I have recently approved the delegation of significant additional authorities to SACs and Assistant Directors which should substantially solve this problem.

Airtel to All SACs, et. al., from Director, FBI
Re:  Standards of Conduct
     Disciplinary Matters

   Secondly, I have determined that we have been too tolerant of certain types of behavior which are fundamentally inconsistent with continued FBI employment. I am, therefore, in this communication, drawing a "bright line" which should serve to put all employees on notice of my expectations. In doing so, I would like to share with you some of my vision of the FBI.

   I believe that:

- The FBI is the finest investigative agency in the world and that, as such, we must continually strive to be a positive force in societal evolution;

- How we are perceived by the citizenry and how we view ourselves collectively are crucial to our continued success;

- In order to assure our being held in high esteem, we must acknowledge, uphold, indeed revere, core values, such as integrity, reliability, and trustworthiness; and

- An employee who is unable to identify with these values and whose consequent conduct is fundamentally at odds with them should forfeit his or her right to FBI employment.

   In short, I believe in the simple truth that lying, cheating, or stealing is wholly inconsistent with everything the FBI stands for and cannot be tolerated. While I believe the promulgation of an elaborate table of offenses and penalties is generally not a good idea, I do wish to give some specificity to this message. With that in mind, I am setting forth the following examples of behavior, not meant to be all-inclusive, for which employees can expect to be dismissed:

  1.) Lying under oath, e.g., during an administrative inquiry;

  2.) Failure to cooperate during an administrative inquiry when required to do so by law or internal regulation;

  3.) Voucher fraud;

Airtel to All SACs, et. al., from Director, FBI
Re:   Standards of Conduct
      Disciplinary Matters

    4.) Theft or other unauthorized taking, using or diversion of Government funds or property;

    5.) Material falsification of investigative activity and/or reporting;

    6.) Falsification of documentation relating to the disbursement/expenditure of Government funds (case funds, imprest funds, etc.); and

    7.) Unauthorized disclosure of classified, sensitive, Grand Jury or Title III information.

    I am also directing that increased levels of discipline be imposed for lesser, but comparable, incidents of misconduct. By way of illustration, bearing false witness to an informant payment has typically been addressed by a letter of censure. Henceforth, such misconduct will result in an appropriate period of suspension, and multiple infractions surfaced during an inquiry will result in either an extended period of suspension or dismissal. These new standards will govern the adjudication of all conduct which occurs after January 15, 1994. In the interests of fairness, the new standards will not be applied retroactively. Because the new standards will punish violations of our internal rules and regulations more severely, I urge everyone to suggest any appropriate revisions to applicable regulations which threaten to needlessly ensnare our employees.

    While at first impression the standards I am setting may appear stringent, it is my belief that they are both necessary and appropriate. SACs and Division Heads must ensure all employees are clearly advised of my expectations. I am directing that a copy of this communication be made available to every employee and that the contents be the topic of discussion at conferences and meetings. Every employee must be placed on actual notice that trespassing the bright line articulated in this airtel will result in dismissal.

    I am convinced that the imposition of these more stringent standards of self-discipline will result in enhancing the reputation, integrity, and independence of this extraordinary organization. I call upon all FBI employees to assist me in this important endeavor.

3