UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER WOOD,<br>Plaintiff | : Civil Action No. 3:02-cv-2058(JBA) |
| vs. | : |
| FEDERAL BUREAU OF<br>INVESTIGATION and<br>DEPARTMENT OF JUSTICE,<br>Defendants | : APRIL 14, 2004 |

FILED
'04 3 16 PM
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59 (e), the plaintiff in this Freedom of Information Act (FOIA) appeal, respectfully moves this Court to alter or amend the judgment in this case dated March 31, 2004 (Doc. # 64) to exclude the issue of the 14 page memo dated 12-2-97 by James Cooper and John Scott, Trial Attorneys, Public Integrity Section, to Lee Radek, the Section Chief (the "DOJ Memo," formerly referred to by the plaintiff as "the Public Integrity Section memo" and by the defendants as "the Radek Memo."). The plaintiff has previously filed a motion to correct the judgment. (Doc. # 65). The plaintiff respectfully requests that the present motion apply either to the original judgment or to any corrected judgment that may subsequently be issued.

Pursuant to Local Rule of Civil Procedure 7 (c), the plaintiff further respectfully moves this Court to reconsider its ruling on pending motions, also dated March 31, 2004, (Doc. # 63) by granting the plaintiff's Motion for Continuance and Discovery Pursuant to

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1

Federal Rule of Civil Procedure 56 (f) (Doc. # 34), limited to Question 7 listed in that motion, which reads as follows:

> Was the Public Integrity Section [DOJ] [M]emo formally or informally adopted as the defendant Department of Justice's statement of reasons for the decision not to prosecute the FBI Special Agents whose conduct was at issue?

One basis for these motions, which is set forth in detail in the accompanying memorandum of law, is that, in deciding not to permit discovery on the above-stated issue, the Court appears to have relied on two decisions – *Iglesias v. CIA*, 525 F.Supp. 547, 559 (D.D.C. 1981) and *Exxon Corp. v. F.T.C.*, 476 F.Supp. 713, 726 (D.D.C. 1979) – that are based on erroneous interpretations of the controlling Supreme Court decisions. A second basis for these motions, also explained in detail in the accompanying memorandum, is that the Court appears to have misunderstood the precise factual issue on which the plaintiff wished and wishes to conduct discovery.

Executed on _April 14, 2004_.

Respectfully submitted,
THE PLAINTIFF

*/s/ Alexander Wood*

Alexander Wood, Pro Se
Address:
Journal Inquirer, Newsroom
306 Progress Drive
P.O. Box 510
Manchester, CT 06045-0510

Telephone: (860) 646-0500, Ext. 345
Facsimile: (860) 646-9867
e-mail: manchwoods@yahoo.com

CERTIFICATION OF SERVICE

This is to certify that I hand-delivered ~~or mailed~~ a copy of the foregoing, first class, postage prepaid, this 14th day of April, 2004 to the office of:

PATRICK F. CARUSO
ASSISTANT UNITED STATES ATTORNEY
PO BOX 1824
CONNECTICUT FINANCIAL CENTER
157 CHURCH ST
NEW HAVEN, CT 06508

*Alexander Wood*
Alexander Wood

3