UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER WOOD,<br>Plaintiff | Civil Action No. 3:02-cv-2058(JBA) |
| vs. | |
| FEDERAL BUREAU OF<br>INVESTIGATION and<br>DEPARTMENT OF JUSTICE,<br>Defendants | May 10, 2004 |

### PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION

#### I. INTRODUCTION.

The plaintiff in this Freedom of Information Act (FOIA) appeal wishes to respond to three aspects of the Defendants' Memorandum in Opposition to Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration ("Defendants' opposition to reconsideration") [Doc. # 71] dated May 5, 2004.

The ultimate issue in this motion is whether the plaintiff should be granted limited discovery to determine whether a 14-page memo dated 12-2-97 from James Cooper and John Scott, Trial Attorneys, Public Integrity Section to Lee Radek, the Chief of that Section, ("the DOJ memo") can be properly withheld by the Department of Justice ("Department") pursuant to FOIA Exemption 5 – 5 U.S.C. Section 552 (b) (5) -- or whether it must be disclosed as a result of its express adoption or incorporation by reference in a final Department decision. Exemption 5

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

1

provides that the FOIA's disclosure requirements do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

The central legal issue to be decided is whether the Supreme Court decision in *Federal Open Market Committee v. Merrill*, 443 U.S. 340 (1979) partially overrules the Supreme Court's earlier holding in *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975) that an intra-agency memorandum previously covered by "Exemption 5" – a phrase that in context clearly includes both the attorney's work-product privilege and the "executive privilege" – loses such protection when the agency expressly adopts or incorporates it by reference "in what would otherwise be a final opinion." *Id.* 161. The plaintiff contends that the *Federal Open Market Committee* (or *Merrill*) decision in no way alters the express adoption/incorporation by reference principle enunciated in *Sears* -- and that two District of Columbia District Court decisions holding that it does are erroneous. Those D.C. District Court decisions – *Exxon Corp. v. F.T.C.*, 476 F.Supp. 713, 726 (D.D.C. 1979) and *Iglesias v. Central Intelligence Agency*, 525 F.Supp. 547, 559 (D.D.C. 1981) – hold, in the words of *Iglesias*, "that even if a document is a final opinion or is a recommendation which is eventually adopted as the basis for agency action, it retains its exempt status if it falls properly within the work-product privilege." *Id.*, citing *Federal Open Market Committee, supra*, 443 U.S. at 360, n. 23 and *Exxon, supra*, 476 F.Supp. at 724-726. "[A]ny argument to the effect that the attorney's opinions in question may have become the basis for final agency action is irrelevant for the purposes of the work-product privilege." *Iglesias, supra*, 525 F.Supp. at 559. This Court quoted this language from *Iglesias* and cited *Exxon* in its Ruling on motions, dated March 31, 2004 ("Ruling") [Doc. # 63].

II. DISCUSSION.

A. A D.C. CIRCUIT DECISION POSTDATING THE SUPREME COURT'S *FEDERAL OPEN MARKET COMMITTEE* DECISION AND THE D.C. DISTRICT COURT DECISIONS IN *EXXON* AND *IGLESIAS* SUPPORTS THE PLAINTIFF'S POSITION THAT THE EXPRESS ADOPTION/INCORPORATION BY REFERENCE PRINCIPLE APPLIES TO DOCUMENTS INITIALLY PRIVILEGED AS ATTORNEY'S WORK PRODUCT.

The defendants claim that two cases relied on by the plaintiff in support of the proposition that this Court made a "manifest error of law" in its Ruling [Doc. # 63] – *Bristol-Myers Co. v. F.T.C.*, 598 F.2d 18, 29 (D.C. Cir. 1978) and *Niemeier v. Watergate Special Prosecution Force*, 565 F.2d 967, 974 (7th Cir. 1977) – "are wholly unavailing and were decided before Merill (sic)." Defendants opposition to reconsideration 3.

But almost 12 years after the *Federal Open Market Committee* [*Merrill*] decision, the D.C. Circuit issued the following holding:

> If the district court determines that the SEC incorporated document 29-3 into a final decision, then the agency must release it even though it would otherwise be covered, as we have held, by the attorney work product privilege.

*Safecard Services Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. Cir. 1991), citing *Bristol-Myers, supra*, 598 F.2d at 24, n. 11.

The D.C. Circuit decision in *Safecard* also postdates the D.C. District Court decisions in *Exxon* and *Iglesias*.

B. DEFENDANTS' CLAIM WITH REGARD TO COMPLIANCE WITH THE UNITED STATES ATTORNEYS' MANUAL'S REQUIREMENT THAT "THE REASONS" FOR DECLINING TO COMMENCE PROSECUTION BE "REFLECTED IN THE OFFICE FILES" IS UNSUPPORTED BY THE RECORD AND FACIALLY IMPLAUSIBLE.

The plaintiff has argued that the DOJ Memo is the only document in existence that could meet the requirement of Section 9-27.270 of the United States Attorneys' Manual ("Manual"). Memorandum in Support of Plaintiff's Motion to Alter or Amend Judgment and for

3

Reconsideration ("Plaintiff's reconsideration memorandum") [Doc. # 68] 22-24. Section 9-27.270 of the Manual provides that whenever an attorney for the government declines to commence Federal prosecution, he or she should ensure that his or her decision "and the reasons therefore (sic)" are communicated to the investigating agency involved and "are reflected in the office files." Tabs A-3 and A-4, Plaintiff's reconsideration memorandum [Doc. # 68].

Defendants' reply as follows:

> A letter written on January 8, 1998, by Gangloff's boss, Lee Radek, Chief of the Public Integrity Section – which is located in the DOJ's files – comports with the guidance of the United States Attorney's (sic) Manual by offering a reason why DOJ declined prosecution: the allegations of misconduct in this case, having been reviewed by DOJ, did not warrant prosecution.

Defendants' opposition to reconsideration 6. (Footnote omitted.) The defendants have submitted no affidavit, declaration, or other factual material to support their implicit claim that Radek's January 8, 1998 letter represents the Department's compliance with Section 9-27.270 of the Manual.

Moreover, that claim is implausible on its face. The text of Radek's letter, which is addressed to Mr. Richard M. Rogers, Acting Counsel, Office of Professional Responsibility, reads, in full, as follows:

> The Public Integrity Section has completed its review of allegations of misconduct by members of the Federal Bureau of Investigation's Connecticut Fugitive Task Force (CFTF). We have determined that prosecution of the agents is not warranted. As we have discussed with FBI OPR representatives, administrative discipline of the CFTF's coordinator, Special Agent (deletion "b6, 7C") is under consideration. Our file is closed.
>
> Thank you for your assistance in this matter.

Exhibit 5, Declaration of Joseph S. Beck [Doc. # 14]. To suggest that the requirement of a written statement of "the reasons" for a decision to decline to commence Federal prosecution,

embodied in Section 9-27.270 of the Manual, is met by this letter is to strain language and common sense.

Notably, the Radek letter contains no explicit statement that prosecution is being declined. Evidently, Radek himself considered such a statement an unnecessary redundancy in light of his statement, "We have determined that prosecution of the agents is not warranted." Clearly, a common-sense understanding of the Radek letter is that it states what has been decided without providing the "the reasons" for the decision. That prosecution "is not warranted" is presumably the ultimate "reason" for any decision to decline prosecution and thus is not a meaningful statement of "the reasons" – the Manual uses the plural -- for any particular declination decision.

The defendants state that the plaintiff – "a newspaper reporter," we are darkly reminded – wishes to "embark on a discovery expedition." Defendants' opposition to reconsideration 1, 5. The plaintiff disputes the implication that he has some nefarious intent. Discovery is necessary to determine whether Joseph Gangloff, then the Principal Deputy Chief of the Public Integrity Section, who made the decision to decline to commence Federal prosecution in the case at issue, complied with Section 9-27.270 of the Manual by expressly adopting or incorporating by reference the reasons stated by Cooper and Scott in the DOJ Memo. See Supplemental Beck Declaration, Exhibit A to Defendants' opposition to discovery [Doc. # 45] Par. 6.

5

C. THE PLAINTIFF'S CASE DOES NOT DEPEND ON A FINDING THAT THE DOJ MEMO IS EITHER A "FINAL OPINION" WITHIN THE MEANING OF 5 U.S.C. SECTION 552 (a) (2) (A) OR "STATEMENT OF POLICY" WITHIN THE MEANING OF 5 U.S.C. SECTION 552 (a) (2) (B).

The plaintiff has previously made clear that his position does not depend on a finding that the DOJ Memo is a "final opinion" within the meaning of 5 U.S.C. Section 552 (a) (2) (A). Plaintiff's reconsideration memorandum 19-21, 25-26 The plaintiff's reconsideration memorandum does not address the question of whether the DOJ Memo is a "statement of policy" within the meaning of 5 U.S.C. Section 552 (a) (2) (B). Nevertheless, the defendants claim that it is the plaintiff's position that the DOJ Memo was adopted or incorporated by reference as a "statement of policy." Defendants' opposition to reconsideration 4. They go on to extensively rebut the notion that the DOJ Memo was expressly adopted or incorporated by reference "as a final opinion or a statement of policy." *Id.* 5, 6.

It is no more necessary to the plaintiff's case that the DOJ Memo be found to be a "statement of policy" than that it be found to be a "final opinion." Both those phrases are statutory terms of art found in 5 U.S.C. Section 552 (a) (2), the so-called "reading room" paragraph of the FOIA, which requires agencies to make certain materials available for "public inspection and copying" without the need for a request. But the present case stems from an FOIA request, governed by 5 U.S.C. Section 552 (a) (3). Nothing in the FOIA requires that documents made available in response to FOIA requests fall within the affirmative disclosure requirements of 5 U.S.C. Section 552 (a) (2). [Indeed, records that have been made available to the public under 5 U.S.C. Section 552 (a) (1) and (2) are **not** required to be released in response to FOIA requests. See 5 U.S.C. Section 552 (a) (3) (A).] Moreover, as the plaintiff has pointed out, the D.C. Circuit has twice held that the *Sears* principle that express adoption or incorporation by reference of a recommendation as the basis for a final decision eliminates its Exemption 5

6

protection from disclosure is not limited to "final opinions," despite the use of that phrase in *Sears*. Plaintiffs reconsideration memorandum 19-20, citing *Safecard, supra,* 926 F.2d at 1204 and *Afshar v. Department of State,* 702 F.2d 1125, 1141-1142 (D.C. Cir. 1983).

### III. CONCLUSION.

For all the foregoing reasons, as well as the reasons stated in the plaintiff's reconsideration memorandum [Doc. # 68], it is respectfully requested that the Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration [Doc. # 67] be granted.

Executed on May 10, 2004.

Respectfully submitted,
THE PLAINTIFF

Alexander Wood, Pro Se
Address:
Journal Inquirer, Newsroom
306 Progress Drive
P.O. Box 510
Manchester, CT 06045-0510

Telephone: (860) 646-0500, Ext. 345
Facsimile: (860) 646-9867
e-mail: manchwoods@yahoo.com

## CERTIFICATION OF SERVICE

This is to certify that I mailed a copy of the foregoing, first class, postage prepaid, this 10th day of May, 2004 to the office of:

PATRICK F. CARUSO
ASSISTANT UNITED STATES ATTORNEY
PO BOX 1824
CONNECTICUT FINANCIAL CENTER
157 CHURCH ST
NEW HAVEN, CT 06508

*Alexander Wood*
Alexander Wood