UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Alexander Wood** | : |
| | : |
| v. | :   No. 3:02cv2058 (JBA) |
| | : |
| **Federal Bureau of Investigation** | : |
| **and U.S. Department of Justice** | : |

**Rulings on Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration [Doc.# 67] and on Plaintiff's Motion to Correct Judgment [Doc. # 65]**

Plaintiff Alexander Wood, a reporter for the Journal Inquirer newspaper of Manchester, Connecticut, seeks reconsideration of this Court's determination that a memorandum written by two staff attorneys from the Department of Justice's Public Integrity Section was properly withheld under Exemption 5 of the Freedom of Information Act ("FOIA").  See Wood v. F.B.I., 312 F. Supp. 2d 328 (D. Conn. 2004).  In particular, Wood seeks reconsideration of denial of discovery on his claim that the DOJ and the FBI expressly incorporated by reference and adopted this memorandum as a statement of agency law or policy, and argues that this Court relied on erroneous interpretations of controlling Supreme Court precedent in concluding that the incorporation by reference exception does not apply to work product.  The Court disagrees.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

1

court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) (citations omitted). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." U.S. v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (citations omitted).

   The Court's decision [Doc. # 63] acknowledged the tension in NLRB v. Sears, 421 U.S. 132 (1975), between the Supreme Court's conclusion that if a document previously covered by Exemption 5 was incorporated by reference into a final opinion, then it could not be withheld under Exemption 5, see id. at 161, and the its conclusion that a document that might otherwise be deemed a final opinion, necessitating disclosure under FOIA, would nonetheless be protected as work product, see id. at 160. The tension in NLRB was clarified by Federal Reserve v. Merill, 443 U.S. 340 (1979), which observed that "the kind of mutually exclusive relationship between final opinions and statements of policy, on one hand, and predecisional communications, on the other, does not necessarily exist between final statements of policy and other Exemption 5 privileges." Id. at 360 n. 23. Although dicta, the Supreme Court's discussion of work product has clearly signaled an intention to exempt work product "categorically" under Exemption 5 of FOIA. See also FTC v. Grolier, Inc., 462

U.S. 19, 28 (1983).  Authority in this circuit supports the notion that work product is exempt even if it is adopted as the basis for agency action.  See A Michael's Piano, Inc. v. FTC, 18 F.3d 138, 146-47 (2d Cir. 1994) (Work product is exempt under FOIA even if the documents were "prepared in anticipation of closing the investigation.").  Plaintiff has not identified controlling authority ignored in this Court's prior decision, and therefore there is no basis for reconsideration of the conclusion that an "incorporation by reference" theory is not viable in this case.

Accordingly, plaintiff's Motion to Alter or Amend Judgment and for Reconsideration [Doc. # 67] is DENIED.  Plaintiff also moves to correct the judgment that entered from the Court's prior ruling.  This motion [Doc. # 65] is GRANTED, as the Court agrees that the prior judgment incorrectly described the Court's decision.  A corrected judgment is attached to this ruling.

IT IS SO ORDERED.

/s/

_____Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 16th day of December, 2004.**